IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THOMAS COMPTON,

    Petitioner,

v.                                    Civil Action No. 2:07cv32
                                    (Judge Maxwell)

WAYNE PHILLIPS, Acting Warden,

    Respondent.

## OPINION/REPORT AND RECOMMENDATION

On April 23, 2007, the *pro se* petitioner filed an Application and Motion for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 in which he asserts that although he complied with all the requirements for successful completion of the Bureau of Prisons ("BOP") Residential Drug Abuse Program ("RDAP"), he was arbitrarily and capriciously denied early release. Petitioner therefore requests an Order directing the BOP to transfer him to a Residential Release Center ("RRC") on his previously scheduled transfer date of August 30, 2007. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.09.

### I. Factual and Procedural History

On February 27, 2006, petitioner pled guilty to Possession of an Unregistered Firearm and Possession With Intent to Distribute Cocaine in the United States District Court for the Eastern District of Michigan. Petitioner was subsequently sentenced to 24 months imprisonment. At the time of sentencing, the Court recommended that petitioner participate in the BOP's 500 hour RDAP program. Petitioner is serving his sentence at the Morgantown Federal Correctional Institution ("FCI-Morgantown") in West Virginia.

At FCI-Morgantown, petitioner was placed in the BOP's intensive 500 hour drug abuse

program, where he completed approximately 460 hours of the program. Petitioner asserts that although he successfully completed all required course work, training and testing, he was informed by the program administrator that he would have to start the course over. Petitioner asserts that the decision of the RDAP administrator to "recycle" him back to the beginning of treatment was arbitrary and capricious and prevents him from being timely released.

Petitioner concedes that he has not exhausted his administrative remedies with regard to his claims. However, petitioner asserts that such exhaustion would be futile because he could not exhaust his administrative remedies prior to the time in which he should be released to the RRC. Thus, Petitioner asserts that he should be permitted to bypass the administrative process and seeks emergency relief in this Court to prevent the loss of liberty he would suffer by remaining in the institution past his scheduled release date.

## II. Exhaustion

Review of a BOP determination is available initially through the administrative process provided in 28 C.F.R. §§ 542.10, et seq. Section 542 mandates a four-step administrative process beginning with: (1) attempted informal resolution with prison staff. If the prisoner achieves no satisfaction informally, (2) he must file a written complaint with the warden, (3) followed by an appeal to the regional director of the Federal Bureau of Prisons. Finally, if the prisoner has received no satisfaction, (4) he may appeal to the office of the General Counsel.

Petitioner states that he has not exhausted his administrative remedies because doing so would be futile based on time constraints. Chapter 8 of Program Statement 5330.10 provides that administrative remedies are available as set forth in 28 C.F.R. § 542, subpart B to address complaints regarding an inmate's confinement. Chapter 8.2 provides that with regard to expulsion from the

RDAP, the inmate may proceed through the ususal Administrative Remedy Process. Or, if the inmate alleges that his release date will be affected if the expulsion is overturned, the staff may treat the appeal as an emergency appeal and process it according to 28 C.F.R. § 542.14.

Because petitioner concedes that he has not exhausted his administrative remedies, his § 2241 petition should be dismissed. Moreover, to the extent petitioner argues that he lacks a reasonable time limit to proceed under the administrative process, that claim is without merit. As noted above, the BOP has made special provisions for expediting remedies with regard to issues related to RDAP and early release. Moreover, petitioner's contention that he does not need to exhaust his administrative remedies because a liberty interest is at stake is unpersuasive. There is no liberty interest in early release. Orr v. Hawk, 156 F.3d 651, 654 ( 6th Cir. 1998). However, even if petitioner was not required to exhaust administrative remedies before bringing this action, his claim is nonetheless without merit and due to be denied.

### III. Analysis

The Violent Crime Control and Law Enforcement Act of 1994 amended 18 U.S.C. § 3621 to require the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). The Act is applicable to persons convicted of a "nonviolent offense" and allows the BOP to reduce a prisoner's sentence by up to one-year as an incentive for the successful completion of the program. See 18 U.S.C. § 3621(e)(2)(B); see also 28 C.F.R. § 550.58. However, "[w]hile eligibility for early release under § 3621(e)(2)(B) is open to all prisoners who meet the statutory requirements," the statute expressly vests the BOP with broad discretion to grant or deny sentence reductions to eligible prisoners. See 18 U.S.C. § 3621(e)(2)(B) ("the period a prisoner convicted of a nonviolent offense

3

remains in custody after successfully completing a treatment program *may be reduced* by the Bureau of Prisons") (emphasis added)." Pelissero v. Thompson, 170 F.3d 442, 444 (4th Cir. 1999).

Here, petitioner argues that he was wrongfully denied his right to early release under § 3621(e). However, pursuant to § 3621(e)(2)(B), an inmate is only entitled to early release upon the successful completion of the drug treatment program. By his own admission, petitioner did not complete the full 500 hour program and is not entitled to early release. Even if he had successfully completed the program,[1] petitioner is still not entitled to early release as § 3621 simply does not create an entitlement to early release. See Orr v. Hawk, supra (there is no protectible liberty interest in early release under § 3621(e)); Fonner v. Thompson, 955 F. Supp. 638 (N.D. W.Va. 1997) (same); see also O'Bar v. Pinion, 953 F.2d 74, 84 (4th Cir. 1991) (a statute that creates only a hope about a future discretionary decision by prison administrators is too speculative to create a liberty interest).

To the extent petitioner contends that he entered into a written contract with the BOP, that claim is also without merit. According to petitioner, the terms of the contract provide that if he successfully completes the substance abuse program, he will be awarded an early release date. Petitioner states that he was deemed eligible for early release and given a projected release date of August 30, 2007. However, petitioner has failed to show that such a contractual relationship exists.[2]

---

[1] Although the RDAP requires a minimum of 500 hours of programming, according to Bureau of Prisons Policy Statement 5330.10, Chapter 5, Page 3, Paragraph 2, the Residential Treatment Handbook provides that only 450 of the 500 hours of required programming may be sufficient to complete the program.

[2] From experience, the Court is aware that the BOP issues a notice of eligibility form to an inmate who has applied for admittance into the RDAP. In the notice, the BOP advises the inmate as to his or her eligibility for the program and the early release provisions of § 3621(e). The forms are then typically signed by the inmate and a staff member  However, such forms are merely an assessment of an inmate's eligibility for the program and do not create any enforceable rights for the inmate. See Royal v. Trombone, 141 F.3d 596 (5th Cir. 1998). Thus, to the extent that Petitioner relies on his notice of eligibility form as the basis for his breach of contract claim, such a claim is without merit.

4

### III. Recommendation

Based on the foregoing, the undersigned recommends that the petitioner's § 2241 petition be DENIED and DISMISSED WITH PREJUDICE.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Chief Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner.

DATED: May 2, 2007.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE